```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
WSC WARMINSTER PLAZA           :    CIVIL ACTION
ASSOCIATES, LP                 :
                               :
         v.                    :
                               :
OFFICE DEPOT, INC.             :    NO. 08-cv-03208-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                    February 23, 2009

The defendant, Office Depot, Inc., agreed to become the anchor tenant in a shopping center being constructed by plaintiff. The agreement between the parties specified a date by which the store would be ready for occupancy. The defendant later withdrew from the project, asserting that plaintiff had failed to make the proposed space available by the specified deadline. Plaintiff, on the other hand, asserts that the delay was caused by the defendant.

Plaintiff brought this action seeking equitable relief: (1) an injunction compelling the defendant to establish a store at the shopping center and to comply with all of the terms of the agreement between the parties; and (2) a declaratory judgment to the effect that plaintiff was not in breach of the agreement. Plaintiff sought injunctive relief on an emergency basis. After a hearing, this Court denied the application for immediate relief, because (1) plaintiff would not suffer irreparable harm in the absence of immediate relief, but rather the case would

await a hearing on an application for preliminary injunction, in due course; and (2) it appeared probable that plaintiff had an adequate remedy at law (a claim for damages) in any event.

Defendant has now filed a motion to dismiss plaintiff's complaint in its entirety, on the theory that equitable relief is not available and that the complaint does not actually assert a claim for damages. I agree that plaintiff has not established a basis for injunctive relief, since plaintiff has an adequate remedy at law for damages. I am also of the view, however, that plaintiff's pleadings can properly be interpreted as asserting a claim for damages, in the alternative. Accordingly, defendant's motion to dismiss will be denied.

An Order follows.

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


WSC WARMINSTER PLAZA            :      CIVIL ACTION
ASSOCIATES, LP                  :
                                :
           v.                   :
                                :
OFFICE DEPOT, INC.              :      NO. 08-cv-03208-JF
```

                                ORDER

AND NOW, this 23rd day of February 2009, IT IS ORDERED:

1. Defendant's motion to dismiss plaintiff's complaint is DENIED.

2. Plaintiff may continue to pursue its claims for damages.


                                        BY THE COURT:


                                        /s/ John P. Fullam
                                        John P. Fullam, Sr. J.